IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Clyde Devon Singletary | ) | C/A No. 4:21-cv-03520-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Investigator Shield No. 0032 et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

    This matter is before the court for review of the July 26, 2022 Report and Recommendation (the "Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C). [ECF No. 30.] In the Report, the Magistrate Judge recommends denying Plaintiff's motion to remand, ECF No. 11, for the reasons argued by Plaintiff, granting Defendants' motion for summary judgment, ECF No. 18, as to Plaintiff's federal claims, and declining to exercise jurisdiction over Plaintiff's state claims and remanding his case to state court. [ECF No. 30 at 12.] Plaintiff filed objections to the Report on August 8, 2022. [ECF No. 34.] Thus, the matter is ripe for review by this court. For the reasons set forth below, the court overrules Plaintiff's objections and adopts the Report in its entirety.

**STANDARD OF REVIEW**

    The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

1

In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-cv-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

## DISCUSSION

The Report thoroughly explained why Plaintiff's claims arising under § 1983 are either premature or barred by some form of immunity. *See* [ECF No. 30 at 7–11.] The majority of Plaintiffs objections are non-specific, unrelated to the dispositive portions of the Report, or merely

2

restate the Plaintiff's claims. The court is not required to conduct further review of of those objections. *See Dillard v. Lewis*, No. 2:19-cv-2393-JFA-MGB, 2020 WL 58284, at *2 (D.S.C. Jan. 3, 2020) ("Where an objection is 'nonspecific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate[s] . . . claims,' the Court need not conduct any further review of that objection."), *appeal dismissed*, 806 F. App'x 239 (4th Cir. 2020); *Green v. Rubenstein*, 644 F. Supp. 2d 723, 730 (S.D.W. Va. 2009). However, to the extent the court can discern specific objections to the Magistrate Judge's Report, this order tries to address them.

A few of the claims raised in Plaintiff's complaint involve the search of Leandra Singletary's truck, and the Report found dismissal appropriate because Plaintiff does not have standing to assert claims on Leandra's behalf. [ECF No. 30 at 6.] Plaintiff objects to this portion of the Report, arguing that he *does* have a right to bring claims on behalf of Leandra Singletary through the "next friend" doctrine. [EC No. 34 at 3.] However, Plaintiff fails to explain why the next friend doctrine is applicable in this case. *See Anderson v. Dorchester Cnty.,* No. 2:20-cv-2084-DCN-MGB, 2021 WL 1186637, at *5 (D.S.C. Mar. 30, 2021) (Courts invoking the next friend doctrine generally ensure that three prerequisites are satisfied: the next friend must (1) provide an adequate explanation as to why the real party in interest cannot bring the suit himself, (2) be dedicated to represented party's best interests, and (3) have some significant relationship with the represented party.") Plaintiff's objection is thus overruled.

Plaintiff also objects to the Magistrate Judge's finding that a Florence County Magistrate Judge and state prosecutors are entitled to absolute immunity on Plaintiff's claims against them. Plaintiff broadly asserts that the individuals are involved in a conspiracy against him and have thus lost their immunity. *See* [ECF No. 34 at 3, 6.] His objection is unavailing. A mere allegation of

"conspiracy," without any factual showing of participation in a conspiracy is insufficient to support his conspiracy claim. *See Buschi v. Kirven*, 775 F.2d 1240, 1248 (4th Cir. 1985). Furthermore, upon a *de novo* review of this portion of the Report, the court finds that the Defendants are entitled to judicial and prosecutorial immunity. As a result, Plaintiff's objection is overruled.

Next, Plaintiff reasserts his position that he has not brought any claims pursuant to 42 U.S.C. § 1983. *See* [ECF No. 34 at 3.] Plaintiff, however, brought this civil action alleging violations of his constitutional rights. *See id.* at 3, 4. And, as the Report explained, such an action is properly raised under § 1983. *See* [ECF No. 30 at 6.] Thus, Plaintiff's objection that the Magistrate Judge improperly construed his claims as arising under § 1983 is overruled. The court notes that the Report made no substantive finding on Plaintiff's claims arising under state law, and Plaintiff retains the ability to pursue those claims in state court.

Furthermore, to the extent Plaintiff objects to the Report's consideration of the parties' motions for summary judgment without addressing his pending motion to join parties, the court overrules his objection. *See* [ECF No. 34 at 1.] Plaintiff's motion to join, ECF No. 26, seeks to add South Carolina Attorney General ("AG") Alan Wilson and defense attorney David Holler as defendants in this action. The court construes this motion, filed July 7, 2022, as an untimely motion for leave to amend the complaint and serve AG Wilson and Mr. Holler with summonses. *See* ECF No. 9 (requiring motions to amend pleadings to be filed by 12/3/3021). Plaintiff has not shown "good cause" for allowing late amendment, as required by Fed. R. Civ. P. R 14(b). *See Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) ("Good cause" requires "the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence.") (citation omitted). Furthermore, the court notes that suits against the Attorney General in his official capacity are barred by prosecutorial immunity. *See Baccus v. Stirling*, No. 8:18-cv-1880, 2018 WL 8332581,

4

at *5 (D.S.C. Oct. 15, 2018), *report and recommendation adopted*, 2019 WL 978866 (D.S.C. Feb. 28, 2019), *aff'd*, 776 F. App'x 142 (4th Cir. 2019). And Plaintiff's attempt to bring a fraud claim against Mr. Holler for the removal of this action to state court is meritless. *See* [ECF No. 26 at 19.] Because Plaintiff's attempts to add AG Wilson and Mr. Holler to this action are untimely and futile, the court denies Plaintiff's motion and adopts the Report's recommendation in its entirety.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the court hereby adopts the Report and Recommendation, ECF No. 30, in its entirety. As a result, Plaintiff's motion to remand, ECF No. 11, is **DENIED** on the basis argued by Plaintiff, Defendants' motion for summary judgment, ECF No. 29, is **GRANTED** as to Plaintiff's federal claims, and the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and **REMANDS** those claims to the Court of Common Pleas, Florence County, South Carolina. Consequently, Plaintiff's motion to compel discovery, ECF No. 33, is **DENIED as moot.**

**IT IS SO ORDERED.**

August 23, 2022
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge